# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| SONRAI MEMORY LTD., <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC., <br><br> Defendants. | Case No. 6:21-cv-793 <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT SAMSUNG ELECTRONICS CO. LTD. AND SAMSUNG ELECTRONICS AMERICA, INC.

This is an action for patent infringement arising under the Patent Laws of the United States of America, 35 U.S.C. § 1 *et seq.*, in which Plaintiff Sonrai Memory Ltd. ("Plaintiff" or "Sonrai") makes the following allegations against Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (collectively, "Defendant"):

## INTRODUCTION

1. This complaint arises from Defendant's unlawful infringement of the following United States patents owned by Sonrai: United States Patents Nos. 7,159,766 ("the '766 Patent," attached as Exhibit 1), 7,325,733 ("the '733 Patent," attached as Exhibit 4), and 8,193,792 ("the '792 Patent," attached as Exhibit 7) (collectively, the "Asserted Patents").

## PARTIES

2. Plaintiff Sonrai Memory Limited is an Irish company, having its principal place of business at Suite 23, The Hyde Building, Carrickmines, Dublin 18, Ireland. Sonrai is the sole owner by assignment of all right, title, and interest in each Asserted Patent.

1

3. On information and belief, Defendant Samsung Electronics Co., Ltd. is a corporation organized under the laws of South Korea, with its principal place of business at 129 Samsung-Ro, Maetan-3dong, Yeongtong-gu, Suwon, 443-742, South Korea.

4. On information and belief, Defendant Samsung Electronics America, Inc., a wholly owned subsidiary of Samsung Electronics Co., Ltd., is a corporation organized under the laws of the State of New York, with its principal place of business at 85 Challenger Rd., Ridgefield Park, New Jersey 07660.

## **JURISDICTION AND VENUE**

5. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. This Court has personal jurisdiction over Defendants in this action because Defendants have committed acts within this District giving rise to this action, and have established minimum contacts with this forum such that the exercise of jurisdiction over Defendants would not offend traditional notions of fair play and substantial justice. Defendants, directly and through subsidiaries or intermediaries, have committed and continue to commit acts of infringement in this District by, among other things, importing, offering to sell, and selling products that infringe the asserted patents.

7. Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b). Defendants are registered to do business in Texas, and upon information and belief, Defendants have transacted business in this District and have committed acts of direct and indirect infringement in this District by, among other things, making, using, offering to sell, selling, and importing products that infringe the asserted patents. Defendants have regular and established places of businesses in

this District, including at 12100 Samsung Boulevard, Austin, Texas 78754; 7300 Ranch Road 2222, Austin, Texas 78730; and 1700 Scenic Loop, Round Rock, Texas 78681.[1]

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 7,159,766

8. Sonrai realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

9. Sonrai owns by assignment all rights, title, and interest in U.S. Patent No. 7,159,766, titled "Peripheral Device Feature Allowing Processors to Enter a Low Power State," issued on January 9, 2007, naming Henry Wurzburg, Tetsuo Yamamoto, and Mark Colman Atchison as the inventors. Ex. 1 ('766 Patent) at 1. The '766 Patent is based on U.S. Patent Application No. 10/762,767 filed January 20, 2004. *Id*. at 1. The '766 Patent claims priority to U.S. Patent Application No. 10/762,767 filed January 20, 2004. *Id.* The expiration date of the '766 Patent is July 5, 2024. A copy of the '766 Patent is attached as Exhibit 1.

10. On information and belief, Defendant makes, uses, offers for sale, sells, and/or imports certain products ("Accused Products"), such as laptops with Windows Modern Standby and mobile phones and tablets supporting Android Doze, including for example the Samsung Galaxy S20 5G and Samsung Galaxy Book Flex, that directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '766 Patent.

11. Defendant also knowingly and intentionally induces infringement of one or more claims of the '766 Patent in violation of 35 U.S.C. § 271(b). Through the filing and service of this

---

[1] *See, e.g.*, https://www.samsung.com/semiconductor/insights/news-events/austin-texas-named-new-home-for-samsung-electronics/; https://www.statesman.com/news/20181115/samsung-says-it-will-invest-291-million-in-austin-operations; https://www.service-center-locator.com/samsung/texas/samsung-austin-texas.htm.

Complaint, and also through the filing and service of a complaint with the United States International Trade Commission (ITC) pursuant to Section 337 of the Tariff Act of 1930, 19 U.S.C. § 1337, Defendant has had knowledge of the '766 Patent and the infringing nature of the Accused Products. Despite this knowledge of the '766 Patent, Defendant continues to actively encourage and instruct its customers and end users (for example, through user manuals and online instruction materials on their website) to use the Accused Products in ways that directly infringe the '766 Patent. Defendant does so knowing and intending that its customers and end users will commit these infringing acts. Defendant also continues to make, use, offer for sale, sell, and/or import the Accused Products, despite its knowledge of the '766 Patent, thereby specifically intending for and inducing its customers to infringe the '766 Patent through the customers' normal and customary use of the Accused Products.

12. The Accused Products satisfy all claim limitations of one or more claims of the '766 Patent. Claim charts comparing independent claims 1, 14, 45, and 57 of the '766 Patent to representative Accused Products, the Samsung Galaxy S20 5G and Samsung Galaxy Book Flex, are attached as Exhibits 2 and 3.

13. By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Defendant has injured Sonrai and is liable for infringement of the '766 Patent pursuant to 35 U.S.C. § 271.

14. As a result of Defendant's infringement of the '766 Patent, Sonrai is entitled to monetary damages in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the Court.

## COUNT II

## INFRINGEMENT OF U.S. PATENT NO. 7,325,733

15. Sonrai realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

16. Sonrai owns by assignment all rights, title, and interest in U.S. Patent No. 7,325,733 (the "'733 Patent, titled "Electrically Disconnecting A Peripheral Device," issued on February 5, 2008, naming Henry Wurzburg, Yetsuo Yamamto, and Mark Colman Atchison as the inventors. Ex. 4 ('733 Patent) at 1. The '733 Patent is based on U.S. Patent Application No. 11/530,977 filed September 12, 2006. Id. The '733 Patent claims priority to U.S. Patent Application No. 10/762,767, filed on Jan. 20, 2004. Id. The expiration date of the '733 Patent is January 20, 2024. A certified copy of the '733 Patent is attached as Exhibit 4.

17. On information and belief, Defendant makes, uses, offers for sale, sells, and/or imports certain products ("Accused Products"), such as laptops with Windows Modern Standby and mobile phones and tablets supporting Android Doze, including for example the Samsung Galaxy S20 5G, and Samsung Galaxy Book Flex, that directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '733 Patent.

18. Defendant also knowingly and intentionally induces infringement of one or more claims of the '733 Patent in violation of 35 U.S.C. § 271(b). Through the filing and service of this Complaint, and also through the filing and service of a complaint with the United States International Trade Commission (ITC) pursuant to Section 337 of the Tariff Act of 1930, 19 U.S.C. § 1337, Defendant has had knowledge of the '733 Patent and the infringing nature of the Accused Products. Despite this knowledge of the '733 Patent, Defendant continues to actively encourage and instruct its customers and end users (for example, through user manuals and online instruction

materials on their website) to use the Accused Products in ways that directly infringe the '733 Patent. Defendant does so knowing and intending that its customers and end users will commit these infringing acts. Defendant also continues to make, use, offer for sale, sell, and/or import the Accused Products, despite its knowledge of the '733 Patent, thereby specifically intending for and inducing its customers to infringe the '733 Patent through the customers' normal and customary use of the Accused Products.

19. The Accused Products satisfy all claim limitations of one or more claims of the '733 Patent. Claim charts comparing independent claims 1, 13, and 22 of the '733 Patent to representative Accused Products, the Samsung Galaxy S20 5G and Samsung Galaxy Book Flex, are attached as Exhibits 5 and 6.

20. By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Defendant has injured Sonrai and is liable for infringement of the '733 Patent pursuant to 35 U.S.C. § 271.

21. As a result of Defendant's infringement of the '733 Patent, Sonrai is entitled to monetary damages in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the Court.

## COUNT III

## INFRINGEMENT OF U.S. PATENT NO. 8,193,792

22. Sonrai realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

23. Sonrai owns by assignment all rights, title, and interest in U.S. Patent No. 8,193,792 (the "'792 Patent"), titled "Circuit and method for operating a circuit," issued on June 5, 2012,

naming Wolfram Kluge, Jeannette Zarbock, and Tilo Ferchland as inventors. Ex. 7 ('792 Patent) at 1. The '792 Patent is based on U.S. Patent Application No. 12/481,330 filed June 9, 2009. *Id.* The '792 Patent claims priority to U.S. provisional patent application No. 61/060,626 filed June 11, 2008, and German patent application 10 2009 027 392 filed June 9, 2008. *Id.* The expiration date of the '792 Patent is August 13, 2030. A copy of the '792 Patent is attached as Exhibit 7.

24. On information and belief, Defendant makes, uses, offers for sale, sells, and/or imports certain products ("Accused Products"), such as laptops with Intel processors including Fully Integrated Voltage Regulators, including for example the Samsung Galaxy Book Flex, that directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '792 Patent.

25. Defendant also knowingly and intentionally induces infringement of one or more claims of the '792 Patent in violation of 35 U.S.C. § 271(b). Through the filing and service of this Complaint, and also through the filing and service of a complaint with the United States International Trade Commission (ITC) pursuant to Section 337 of the Tariff Act of 1930, 19 U.S.C. § 1337, Defendant has had knowledge of the '792 Patent and the infringing nature of the Accused Products. Despite this knowledge of the '792 Patent, Defendant continues to actively encourage and instruct its customers and end users (for example, through user manuals and online instruction materials on their website) to use the Accused Products in ways that directly infringe the '792 Patent. Defendant does so knowing and intending that its customers and end users will commit these infringing acts. Defendant also continues to offer for sale, sell, and/or import the Accused Products, despite its knowledge of the '792 Patent, thereby specifically intending for and inducing its customers to infringe the '792 Patent through the customers' normal and customary use of the Accused Products.

26. The Accused Products satisfy all claim limitations of one or more claims of the '792 Patent. A claim chart comparing independent claims 1 and 10 of the '792 Patent to a representative Accused Product, the Samsung Galaxy Book Flex, is attached as Exhibit 8.

27. By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Defendant has injured Sonrai and is liable for infringement of the '792 Patent pursuant to 35 U.S.C. § 271.

28. As a result of Defendant's infringement of the '792 Patent, Sonrai is entitled to monetary damages in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the Court.

## **PRAYER FOR RELIEF**

WHEREFORE, Sonrai respectfully requests that this Court enter:

a. A judgment in favor of Sonrai that Defendant has infringed, either literally and/or under the doctrine of equivalents, the '766 Patent, the '733 Patent, and the '792 Patent;

b. A judgment and order requiring Defendant to pay Sonrai its damages, costs, expenses, and pre-judgment and post-judgment interest for Defendant's infringement of the '766 Patent, the '733 Patent, and the '792 Patent;

c. A judgment and order requiring Defendant to provide an accounting and to pay supplemental damages to Sonrai, including without limitation, pre-judgment and post-judgment interest;

d. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Sonrai its reasonable attorneys' fees against Defendant; and

e. Any and all other relief as the Court may deem appropriate and just under the

circumstances.

## **DEMAND FOR JURY TRIAL**

Sonrai, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated: July 30, 2021

Respectfully submitted,

*/s/ Reza Mirzaie*

Reza Mirzaie (CA SBN 246953)
rmirzaie@raklaw.com
Amy E. Hayden (CA SBN 287026)
ahayden@raklaw.com
James A. Milkey (CA SBN 281283)
jmilkey@raklaw.com
Christian W. Conkle (CA SBN 306374)
cconkle@raklaw.com
Jonathan Ma (CA SBN 312773)
jma@raklaw.com
RUSS AUGUST & KABAT
12424 Wilshire Blvd. 12th Floor
Los Angeles, CA 90025
Phone: (310) 826-7474
Facsimile: (310) 826-6991

***Attorneys for Plaintiff Sonrai Memory Limited***